UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS WARD,<br><br>    Plaintiff,<br><br>    v.<br><br>M. VERUMEN, et al.,<br><br>    Defendants. | No. 2:17-cv-0959 KJN P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

I. Introduction

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the original complaint filed May 5, 2017. (ECF No. 1.) Plaintiff alleges that on June 7, 2016, while he was housed at the California Health Care Facility ("CHCF"), defendants Verumen, Kang, Dix and Moua used excessive force against him. Plaintiff alleges that defendant Pender failed to intervene to stop the excessive force.

    Pending before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff failed to exhaust administrative remedies. (ECF No. 17.) For the reasons stated herein, the undersigned recommends that defendants' motion be denied.

////

////

II. Discussion

    A. Motion to Dismiss vs. Summary Judgment Motion

"In a typical PLRA case, a defendant will have to present probative evidence [in a Rule 56 motion for summary judgment] ... that the prisoner has failed to exhaust administrative remedies under § 1997e(a)." Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc). However, "in ...rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim." Id. (citing Jones v. Bock, 549 U.S. 199, 215–16 (2007); Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam) ("[A]ffirmative defenses may not be raised by motion to dismiss, but this is not true when, as here, the defense raises no disputed issues of fact."); Aquilar–Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007) ("[O]nly in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse.")).

    B. Legal Standard for Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under ... [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Proper exhaustion of available remedies is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Woodford v. Ngo, 548 U.S. 81, 90 (2006). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See Booth, 532 U.S. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford, 548 U.S. at 90-93. "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] - rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218

(2007) (quoting Woodford, 548 U.S. at 88). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'") (quoting Jones, 549 U.S. at 218).

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). On January 28, 2011, California prison regulations governing inmate grievances were revised. Cal. Code Regs. tit. 15, § 3084.7. Now inmates in California proceed through three levels of appeal to exhaust the appeal process: (1) formal written appeal on a CDC 602 inmate appeal form, (2) second level appeal to the institution head or designee, and (3) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Cal. Code Regs. tit. 15, § 3084.7. Under specific circumstances, the first level review may be bypassed. Id.

The third level of review constitutes the decision of the Secretary of the CDCR and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005).

An inmate now has thirty calendar days to submit his or her appeal from the occurrence of the event or decision being appealed, or "upon first having knowledge of the action or decision being appealed." Cal. Code Regs. tit. 15, § 3084.8(b).

In Albino, the Ninth Circuit agreed with the underlying panel's decision[1] "that the burdens outlined in Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996), should provide the template for the burdens here." Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). A defendant need only show "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. Once the defense meets its burden, the burden shifts to the plaintiff to show that the administrative remedies were

---

[1] See Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012). The three judge panel noted that "[a] defendant's burden of establishing an inmate's failure to exhaust is very low." Id. at 1031. Relevant evidence includes statutes, regulations, and other official directives that explain the scope of the administrative review process. Id. at 1032.

unavailable. See Albino, 697 F.3d at 1030-31.

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. See Albino, 747 F.3d at 1172-73. When an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224-26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available).

C. Discussion

Defendants argue that plaintiff failed to exhaust administrative remedies because exhibits attached to his complaint demonstrate that his third level grievance was cancelled as untimely. Attached to the complaint as exhibits are the responses by prison officials to plaintiff's second and third level grievances. Plaintiff did not attach copies of the grievances he actually filed. The undersigned describes the relevant exhibits herein.

On August 24, 2016, plaintiff's second level grievance no. CHCF 16-2486 was partially granted at the second level of review.[2] (ECF No. 1 at 11.) This response describes plaintiff's grievance as a "staff complaint," and states that it is being processed as an Appeal Inquiry. (Id.)

The second level grievance states that plaintiff alleges that on June 7, 2016, Correctional Officer Verumen used excessive force. (Id. at 9.) Plaintiff claimed that he (plaintiff) became involved in a verbal altercation with Registered Nurse Candida. (Id.) Nurse Candida activated her personal alarm device. (Id.) When Correctional Officer Verumen responded, he allegedly choked plaintiff with both of his hands, which made plaintiff unable to breath, and slammed plaintiff to the ground. (Id.) The second level response states that, after reviewing the video recording of the interview with plaintiff and other documents, the reviewer found that staff did not violate CDCR policy. (Id.) In other words, the second level grievance considered the merits

---

[2] Plaintiff's grievance apparently "bypassed" the first level of review.

4

of plaintiff's claims.

On April 18, 2017, plaintiff's third level grievance no. CHCF 16-2486 was cancelled on the grounds that the second level grievance was not timely filed. (ECF No. 1 at 9.) The third level memorandum cancelling this grievance states that plaintiff was appealing an issue which occurred on June 7, 2016, and the examiner noted that plaintiff signed and dated his appeal on July 19, 2016. (Id.) The California State Prison-Sacramento Appeals Office received this grievance on July 20, 2016, which exceeded the time constraints set forth in Cal. Code of Regs. tit. 15, § 3084.6, which provide that grievances must be submitted within thirty calendar days of the event being appealed.[3] (Id.)

Defendants argue that the cancellation of plaintiff's third level grievance as untimely demonstrates that he failed to exhaust administrative remedies. Proper exhaustion of administrative remedies cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford, 548 U.S. at 83-84. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.

Although the second level reviewer accepted plaintiff's appeal, the "[e]rroneous acceptance of an appeal at a lower level does not preclude the next level of review from taking appropriate action, including rejection or cancellation of the appeal." Cal. Code Regs. tit. 15, § 3084.6(a)(5). However, for the reasons stated herein, the undersigned cannot find that the third level reviewer correctly found that plaintiff's second level grievance was not timely.

In his opposition, plaintiff states that he was seriously injured by defendants during the alleged assault. (ECF No. 20 at 4.) Plaintiff alleges that he filed his grievance after obtaining medical treatment for his injuries. (Id.) In his complaint, plaintiff alleges that the alleged attack reinjured plaintiff's hip, which had recently been operated on. (ECF No. 1 at 4.) Plaintiff also alleges that his ribs and head were in extreme pain for days following the incident. (Id. at 5.)

---

[3] Plaintiff was apparently transferred from CHCF to California State Prison-Sacramento after the incident.

5

An appeal may be cancelled if the time limits for submitting the appeal are exceeded *and* the inmate had the opportunity to submit the grievance within the prescribed time constraints. See Cal. Code Regs. tit. 15, § 3084.6(c)(4) (emphasis added). Plaintiff's opposition suggests that he could not file a timely grievance due to injuries he suffered as a result of the alleged incident. If plaintiff's injuries prevented plaintiff from filing a timely grievance, and he provided this information to the third level reviewer, then his injuries may excuse his untimely grievance.[4] Id.; see Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (remanding for district court to consider whether plaintiff had the opportunity to file a grievance within 15 days after assault where his injuries and subsequent segregation rendered grievance form inaccessible); see also Days v. Johnson, 322 F.3d 863, 867–68 (5th Cir. 2003) (holding remedies were "unavailable" when inmate's grievance was rejected as untimely and untimeliness was due to a physical injury). Because the complaint does not contain copies of plaintiff's actual grievances, the undersigned cannot determine what information, if any, plaintiff provided the third level reviewer regarding his alleged injuries.

For the reasons discussed above, the undersigned cannot determine from the face of the complaint whether plaintiff failed to exhaust administrative remedies. Accordingly, defendants' motion to dismiss should be denied. The issue of whether plaintiff's alleged injuries prevented him from filing a timely grievance should be addressed in a summary judgment motion.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 17) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[4] The undersigned observes that the third level memorandum cancelling plaintiff's grievance as untimely stated that plaintiff could file a separate appeal on the cancellation decision. (ECF No. 1 at 9.) If plaintiff informed the third level reviewer about his alleged injuries, then he may have been excused from filing a separate appeal on the cancellation decision.

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 31, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ward959.mtd